IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

SCOTT HODES                                )
1410 AINTREE DRIVE                         )
ROCKVILLE, MD 20850,                       )
                                           )
      Plaintiff,                       )
                                           )
      v.                               )        Civil Action No.
                                           )
DEPARTMENT OF TREASURY                     )
1500 PENNSYLVANIA, AVE., N.W.              )
WASHINGTON, D.C.  20220                    )
                                           )
      Defendant.                       )
_____)

## COMPLAINT FOR INJUNCTIVE AND DECLARATORY RELIEF

1. This is an action under the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, as amended, challenging the failure of the Department of Treasury's component, the Financial Management Service ("FMS") to adequately respond to the request of Scott Hodes for records related to contracts TFMS-HQ-12-K-0018, TFMS-HQ-12-K-0019, TFMS-HQ-12-K-0020 and TFMS-HQ-12-K-0021.

2. This case seeks declaratory relief that the Department of Justice is in violation of the FOIA, 5 U.S.C. §§ 552(a) and (b), for failing to respond to plaintiff's request for records and injunctive relief ordering defendant to immediately release all of the requested records in their entirety.

## JURISDICTION AND VENUE

3. This Court has both subject matter jurisdiction over this action and personal jurisdiction over the Department of Justice pursuant to 5 U.S.C. § 552(a)(4)(B).  This Court also

has jurisdiction over this action pursuant to 28 U.S.C. § 1331. Venue lies in this district under 5 U.S.C. § 552(a)(4)(B).

## PARTIES

4. Plaintiff Scott Hodes is a citizen of Maryland. Mr. Hodes is an attorney licensed in the state of Maryland and the District of Columbia.

5. Defendant Department of Treasury is an agency within the meaning of 5 U.S.C. § 552(f) and 5 U.S.C. § 702. The Department of Treasury is the federal agency with possession and control of the requested records and is responsible for fulfilling plaintiff's FOIA request. The FMS is a component of the Department of Treasury.

## STATUTORY FRAMEWORK

### The Freedom of Information Act

6. The FOIA, 5 U.S.C. § 552, requires agencies of the federal government to release requested records to the public unless one or more specific statutory exemptions apply.

7. An agency must respond to a party making a FOIA request within 20 working days, notifying that party of at least the agency's determination whether or not to fulfill the request and of the requester's right to appeal the agency's determination to the agency head. 5 U.S.C. § 552(a)(6)(A)(i).

8. In "unusual circumstances," an agency may delay its response to a FOIA request or appeal, but must provide notice and "the date on which a determination is expected to be dispatched." 5 U.S.C. § 552(a)(6)(B). Any such delay may not exceed an additional ten working days beyond the initial 20-working-day period mandated by the FOIA. Id.

9. An agency must produce all responsive records except to the extent they, or any portion thereof, fall into one of nine specified exemptions. 5 U.S.C. § 552(b).

10. This Court has jurisdiction, upon receipt of a complaint, "to enjoin the agency from withholding agency records and to order the production of any agency records improperly withheld from the complainant." 5 U.S.C. § 552(a)(4)(B).

## FACTS UNDERLYING PLAINTIFF'S PRAYER FOR RELIEF

### Plaintiff's FOIA Request

11. On March 7, 2012, plaintiff submitted a FOIA request to the FMS for information concerning RFP TFMS-HQ-06-Q-011. Specifically, plaintiff sought the following documents:

1. The complete request for proposal;
2. Any and all addendums issued for the request for proposal;
3. Any and all documents answering vendors questions on the request for proposal;
4. Documents including but not limited to spreadsheets and e-mails showing how many companies submitted offers and which companies submitted offers.
5. Documents including but not limited to spreadsheets and e-mails showing pricing submitted by all companies that submitted offers.
6. Documents including but not limited to e-mails showing how and why selected vendor(s) were awarded;
7. Any rankings showing how the government ranked various interested parties to the contract; and
8. A copy of the task order contract or similar document signed with the selected vendor(s).

12. By letter dated April 5, 2012, the FMS responded to plaintiff's FOIA request, which they had assigned FOIA #2012-03-044. Initially, FMS advised plaintiff that the documents responsive to the request concerned contracts TFMS-HQ-12-K-0018, TFMS-HQ-12-K-0019,

3

TFMS-HQ-12-K-0020 and TFMS-HQ-12-K-0021. The FMS released certain documents but withheld proposal documents pursuant to FOIA Exemption 3 citing 41 U.S.C. § 253b(m) and Exemption 4.

13. By letter dated April 17, 2012, plaintiff filed an administrative appeal of the FMS decision. Plaintiff specifically appealed the withholding of the identities of the bidders and the failure of FMS to provide the prices that will be billed by the winners of the final contracts as this information is not protected pursuant to Exemptions 3 and 4.[1] Plaintiff also appealed the adequacy of FMS's search. Finally, plaintiff's appeal noted the fact that other agencies have released similar information to him in the past.

14. By letter dated May 31, 2012, Melody R. Barrett, the Director of Legislative and Public Affairs for FMS responded to plaintiff's appeal. Ms. Barrett made an additional release of information; however, the original decision by FMS to redact the names of all of the unsuccessful bidders which were located on the Award Decision Document was affirmed. Ms. Barrett provided the novel argument that "[t]he names of unsuccessful bidders will continue to be withheld under FOIA exemption 5 U.S.C. 552 § (b)(3), which leaves us no discretion on the release because we are prohibited from releasing the information by another statute (41 U.S.C. § 4702)." Ms. Barrett also stated that the pricing was being withheld under 5 U.S.C. 552 §§ (b)(3) and (b)(4). As to the failure of FMS to provide actual billing prices, Ms. Barrett stated that "at this point there are no actual prices to be billed."

15. By letter dated June 13, 2012, plaintiff sent a letter to the Office of Government Information Services ("OGIS") seeking their assistance in the release of the names of

---

[1] Plaintiff specifically stated that he was not appealing the withholding of the actual proposals submitted pursuant to FOIA Exemption 3.

4

unsuccessful bidders from the award decision document and the actual awarded rates the four winning vendors will be paid under the contracts.

16. By letter dated August 8, 2012, OGIS explained that FMS was going to continue to withhold the requested information. OGIS stated that FMS staff stated that the prices to be billed under the winning contracts were "currently a percentage that will not be finalized until the final debt of the contract is determined and collected – a point that will not occur until later in the execution of the contract." OGIS stated that FMS advised plaintiff to request this amount "once the final figure is determined."

17. OGIS also stated that the names of the unsuccessful bidders was withheld pursuant to FOIA exemption 3 because FMS interprets the names of the unsuccessful bidders to be from the actual "proposal" and pursuant to 41 U.S.C. § 4702 the names of the bidders extends to information gathered from within the proposal. OGIS stated that "FMS consulted with the Office of Information Policy ("OIP") at the Department of Justice, which did not disagree with the interpretation." OGIS also stated that FMS withheld this information pursuant to Exemption 4 and OIP agreed that FMS properly used this exemption to withhold the material.

18. In conversations with OGIS, plaintiff asked if any party, either FMS or OIP could cite any case law allowing for the withholdings. To date, no case law has been cited to support the withholdings.

19. FMS has withheld this information in defiance of the FOIA Memorandum set forth by President Obama on January 21, 2009 and the FOIA Guidelines issued by Attorney General Holder on March 19, 2009. These two documents clearly state that the FOIA is a disclosure statute and in the face of doubt, openness prevails.

20. The prices to be billed to FMS are currently known by FMS as contingency fees, and possibly other similar fees, in which the vendors will be paid a percentage of each dollar they recover for FMS, as indicated on page 6 of 18, Part II – PRICING. See Exhibit A of this complaint. FMS has cleverly attempted to circumvent plaintiff's specific requests under the FOIA by advising plaintiff, through OGIS, that plaintiff should request fees billed by the vendors "once the final figure is determined," as if plaintiff had requested total billings as of some future date. But plaintiff is clearly not requesting data that does not yet exist; plaintiff is requesting documents showing the percentages to be billed as vendors recover dollars for FMS. As such, this information should be located and released to plaintiff. For the avoidance of doubt and to provide additional clarity, plaintiff is specifically not requesting the contingency fees contained within each vendor's General Services Administration (GSA) contract under GSA Special Item Number 520-4, Debt Collection, as those fees are simply maximum fees each vendor is contractually permitted to bill any Federal entity, publicly available at this time on GSA's website, and not indicative of the actual contingency fees to be billed by the vendors to FMS pertaining to the matter at hand.

21. Items 5 and 8 of the request clearly sought all of the ways vendors were to get paid under the terms of the contract, either by the contingency fees or any other ways the contract anticipates paying vendors.

22. A document showing the identities of all of the bidders to the RFP are not part of the proposals submitted by the bidders. The FMS does have a list of the bidders, as it is part of the Award Decision Document. As such, this information is not exempt under any FOIA exemption and should be released to plaintiff.

## PLAINTIFF'S CLAIMS FOR RELIEF

### CLAIM ONE
(Failure to Produce Records)

23. Plaintiff re-alleges and incorporates by reference all preceding paragraphs.

24. Plaintiff properly asked for records within the custody and control of the FMS.

25. Plaintiff is entitled by law to access to the records requested under the FOIA, unless defendant makes an explicit and justified statutory exemption claim.

26. Plaintiff has exhausted administrative remedies with respect to the FMS's wrongful withholding of the requested records.

27. Plaintiff is entitled to injunctive and declaratory relief with respect to the release and disclosure of the requested documents.

### PRAYER FOR RELIEF

WHEREFORE, plaintiff respectfully requests that this Court:

(1) Issue a declaration that defendant FMS has violated the FOIA by failing to lawfully satisfy plaintiff's FOIA request of March 7, 2012;

(2) Order defendant FMS to search for and process immediately the requested records pertaining to the prices to be billed FMS in their entirety at no cost to plaintiff;

(3) Order defendant FMS upon completion of such processing to disclose the requested records and make copies available to plaintiff at no cost to plaintiff;

(4) Award plaintiff reasonable attorney fees and litigation costs in this action pursuant to 5 U.S.C. § 552(a)(4)(E); and

(5) Grant such other and further relief as the Court may deem just and proper.

Respectfully submitted,

_____
Scott A. Hodes (D.C. Bar 430375)
P.O. Box 42002
Washington, D.C. 20015
Phone: (301) 404-0502
Fax: (413) 641-2833

Dated: August 30, 2012                    Attorney for Plaintiff