# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLUMBIA

_____
                                   )
SCOTT HODES,                       )
                                   )
        Plaintiff,              )
                                   )
   v.                              )   Civil Action No. 12-1435 (ABJ)
                                   )
U.S. DEPARTMENT OF TREASURY,       )
                                   )
        Defendant.              )
_____)

## MEMORANDUM OPINION

Plaintiff Scott Hodes brings this lawsuit against defendant United States Department of Treasury, Financial Management Service ("FMS"), alleging that FMS violated the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, by failing to respond adequately to his requests for documents. Compl. ¶¶ 23–25 [Dkt. # 1]. Plaintiff seeks declaratory relief and an injunction compelling FMS to release the documents sought. *Id.* at 7. The parties have filed cross-motions for summary judgment. *See* Pl.'s Mot. for Summ. J. [Dkt. # 14] ("Pl.'s Mot."); Def.'s Mot. for Summ. J. [Dkt. # 13] ("Def.'s Mot."). The Court will grant summary judgment in favor of plaintiff because FMS has not met its burden to establish that the materials withheld are exempt from disclosure.

FOIA provides that the duty to disclose government records to requesters "does not apply to matters that are . . . specifically exempted from disclosure by a statute" that leaves the agency with no discretion on the matter. 5 U.S.C. § 552(b)(3)(A)(i). Here, plaintiff seeks the names of unsuccessful bidders for a particular set of government contracts, Compl. ¶ 11; Pl.'s Mem. in Supp. of Pl.'s Mot. ("Pl.'s Mem.") [Dkt. # 14-2] at 1, and the government has identified

41 U.S.C. § 4702, the prohibition against the release of contractor proposals, as the statute that supplies the basis for the claimed exemption, Def.'s Mem. in Support of Def.'s Mot. ("Def.'s Mem.") [Dkt. # 13-1] at 2; *see also* Compl. ¶ 14. So the narrow question before the Court is whether bidders' names are covered by this ban on an agency's disclosure of "proposals," and the Court concludes that they are not.

I.     BACKGROUND

Plaintiff Scott Hodes, a Maryland citizen, "is an attorney licensed to practice in the state of Maryland and the District of Columbia." Compl. ¶ 4. FMS is a component of defendant Department of Treasury, a federal agency. *Id.* ¶ 5. On March 7, 2012, plaintiff submitted a FOIA request for information regarding RFP TFMS-HQ-06-Q-011, a government contract for debt collection services. *Id.* ¶ 11; Solicitation/Contract/Order for Commercial Item, Ex. A to Compl.; Pl.'s Mem.at 3. Specifically, plaintiff sought:

1. The complete request for proposal;

2. Any and all addendums issued for the request for proposal;

3. Any and all documents answering vendors questions of the request for proposal;

4. Documents including but not limited to spreadsheets and e-mails showing how many companies submitted offers and which companies submitted offers;

5. Documents including but not limited to spreadsheets and e-mails showing pricing submitted by all companies that submitted offers;

6. Documents including but not limited to e-mails showing how and why selected vendor(s) were awarded;

7. Any rankings showing how the government ranked various interested parties to the contract; and

> 8. A copy of the task order contract or similar document signed with the selected vendor(s).

Compl. ¶ 11.

On "April 5, 2012, the FMS responded to plaintiff's FOIA request" by letter. *Id.* ¶ 12. FMS stated that plaintiff's inquiry into RFP TFMS-HQ-06-Q-011 also concerned four other government contracts. *Id.* FMS released certain documents but withheld others, citing Exemption 3 and Exemption 4 of FOIA. *Id.*; *see also* 5 U.S.C. § 552(b)(3)–(4). On April 17, 2012, plaintiff filed an administrative appeal. Compl. ¶ 13. Specifically, plaintiff challenged FMS's conclusion that the identities of unsuccessful contract bidders and the pricing information of the winning proposals were exempt from disclosure. *Id.*; *see also* Pl. Appeal Letter, Ex. 4 to Def.'s Mot. at 2.

In its response to plaintiff's appeal, on May 31, 2012, FMS refined its position and released additional information. Compl. ¶ 14; Appeal Decision Letter ("Appeal Decision"), Ex. 2 to Def.'s Mot. However, FMS affirmed its decision to withhold the identities of the unsuccessful bidders contained in the Award Decision Document as well as the requested pricing information. Compl. ¶ 14; Appeal Decision at 2. FMS informed plaintiff of his right to judicial review of FMS's determination. Appeal Decision at 3. FMS also stated that plaintiff could alternatively engage the Office of Government Information Services ("OGIS") to resolve his dispute with FMS. *Id.* Plaintiff chose the latter route. Compl. ¶ 15.

By letter dated June 13, 2012, plaintiff sought OGIS's assistance to obtain the release of information FMS declared exempt from FOIA. *Id.* "By letter dated August 8, 2012, OGIS explained that FMS [could] continue to withhold the information." *Id.* ¶ 16. OGIS stated that FMS had "consulted with the Office of Information Policy . . . at the Department of Justice, which did not disagree with [FMS's] interpretation" and application of FOIA Exemptions 3 and

4 to the relevant statute at issue. *Id.* ¶ 17 (internal quotation marks omitted); *see also* 41 U.S.C. § 4702.

After fully exhausting his administrative remedies under FOIA, plaintiff filed a complaint in this Court seeking judicial review of FMS's decision to withhold records revealing the identities of the unsuccessful bidders for five debt collection contracts as well as the pricing information submitted by the successful bidders. Compl. at 7. On January 3, 2013, FMS moved for summary judgment, arguing that 41 U.S.C. § 4702(b) is a FOIA Exemption 3 statute that offered FMS no discretion to disclose *any* information regarding unsuccessful bid proposals for the sought debt collection services contracts. Def.'s Mem. at 4. But FMS acknowledged that it erred in not releasing the successful bidders' pricing information, because section 4702(c) mandates disclosure of any proposals "incorporated by reference" into the ultimate contract. *Id.*; *see also* 41 U.S.C. § 4702(c). Subsequently, FMS released the requested pricing information of the winning bidders, but redacted the names of the unsuccessful bidders. *See* Award Decision Doc., Ex. 3 to Def.'s Mot.

On January 17, 2013, plaintiff responded and filed a cross-motion for summary judgment. He argues that (1) FMS has not met its burden to show that the disclosure of the requested information is barred by the prohibition on the dissemination of "proposals" set forth in 41 U.S.C. § 4702 and, alternatively, (2) that even if FMS's interpretation of section 4702(a) was correct, FMS had knowledge of the unsuccessful bidders' identities through means other than the submitted proposals themselves. Pl.'s Mem. at 3–7.

## II. STANDARD OF REVIEW

Summary judgment is appropriate "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P.

56(a).  The party seeking summary judgment bears the "initial responsibility of informing the district court of the basis for its motion, and identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, which it believes demonstrate the absence of a genuine issue of material fact."  *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986) (internal quotation marks omitted).  To defeat summary judgment, the non-moving party must "designate specific facts showing that there is a genuine issue for trial."  *Id.* at 324 (internal quotation marks omitted).  The existence of a factual dispute is insufficient to preclude summary judgment.  *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 247–48 (1986).  A dispute is "genuine" only if a reasonable fact-finder could find for the non-moving party; a fact is only "material" if it is capable of affecting the outcome of the litigation.  *Id.* at 248; *Laningham v. U.S. Navy*, 813 F.2d 1236, 1241 (D.C. Cir. 1987).  In assessing a party's motion, the court must "view the facts and draw reasonable inferences 'in the light most favorable to the party opposing the summary judgment motion.'"  *Scott v. Harris*, 550 U.S. 372, 378 (2007) (alteration omitted), quoting *United States v. Diebold, Inc.*, 369 U.S. 654, 655 (1962) (per curiam).

"The rule governing cross-motions for summary judgment . . . is that neither party waives the right to a full trial on the merits by filing its own motion; each side concedes that no material facts are at issue only for the purposes of its own motion."  *Sherwood v. Wash. Post*, 871 F.2d 1144, 1147 n.4 (D.C. Cir. 1989) (alteration in original), quoting *McKenzie v. Sawyer*, 684 F.2d 62, 68 n.3 (D.C. Cir. 1982).  In assessing each party's motion, "[a]ll underlying facts and inferences are analyzed in the light most favorable to the non-moving party."  *N.S. ex rel. Stein v. District of Columbia*, 709 F. Supp. 2d 57, 65 (D.D.C. 2010), citing *Anderson*, 477 U.S. at 247.

## III. ANALYSIS

The purpose of FOIA is to achieve the broad disclosure of government records. *CIA v. Sims*, 471 U.S. 159, 166 (1985). The disclosure requirement established by the statute is subject to nine enumerated exemptions. *Wolf v. CIA*, 473 F.3d 370, 374 (D.C. Cir. 2007), citing 5 U.S.C. § 552(b). These exemptions represent "a balance struck by Congress between the public's right to know and the government's legitimate interest in keeping certain information confidential." *Ctr. for Nat'l Sec. Studies v. DOJ*, 331 F.3d 918, 925 (D.C. Cir. 2003), citing *John Doe Agency v. John Doe Corp.*, 493 U.S. 146, 152 (1989). But in light of FOIA's broad disclosure mandate, the Supreme Court has "consistently stated that FOIA exemptions are to be narrowly construed." *DOJ v. Julian*, 486 U.S. 1, 8 (1988). In accord with this policy, the burden is placed on the agency when it seeks to withhold requested information. 5 U.S.C. § 552(a)(4)(B); *Dep't of State v. Ray*, 502 U.S. 164, 173 (1991).

In the present case, FMS has withheld the identities of unsuccessful bidders to multiple government procurement contracts under 5 U.S.C. 552(b)(3), commonly referred to as Exemption 3. Def.'s Mem. at 4; *see also, e.g.*, *Larson v. Dep't of State*, 565 F.3d 857, 861 (D.C. Cir. 2009). Exemption 3 allows an agency to withhold information that is "specifically exempted from disclosure by statute," but only if the statute either leaves the agency with no discretion or "establishes particular criteria for withholding or refers to particular types of matters to be withheld." 5 U.S.C. § 552(b)(3)(A)(i)–(ii).

The statute at issue in this case is 41 U.S.C. § 4702, which specifically regulates the release of government contract proposals in response to FOIA requests. Section 4702(b) states that "[a] proposal in the possession or control of an executive agency may not be made available to any person under section 552 of title 5." 41 U.S.C. § 4702(b). A "proposal" is defined as "a

proposal, including a technical, management, or cost proposal, submitted by a contractor in response to the requirements of a solicitation for a competitive proposal." *Id.* § 4702(a).[1]

In *Hornbostel v. Department of the Interior*, the court deemed section 4702(b)'s predecessor, 41 U.S.C. § 253b(m)(1), to be an Exemption 3 statute because it accords an agency no discretion to disseminate "proposals" in its possession or control. 305 F. Supp. 2d 21, 29–30 (D.D.C. 2003). Both plaintiff and FMS agree that Exemption 3 applies here. *See* Def.'s Mem. at 4; *see also* Pl.'s Resp. to Def.'s Counter Statement of Material Facts [Dkt. # 21-1] ¶¶ 1–2. However, the parties disagree over the breadth and application of the statutory language.

FMS argues that the term "proposal" in 41 U.S.C. § 4207 includes the identities of unsuccessful bidders and therefore bars their disclosure. Def.'s Mem. at 5. Plaintiff contends that the definition of proposal set out in 41 U.S.C. § 4702(a) is silent on the question, and he submits that it is, at best, ambiguous. Pl.'s Mem. at 6. The Court finds that the text of the statute does not compel FMS's interpretation and that adopting the broad reading advanced by the agency here would be contrary to the purpose underlying FOIA and the requirement that exemptions be construed narrowly.

"The plain meaning of legislation should be conclusive, except in the rare cases [in which] the literal application of a statute will produce a result demonstrably at odds with the intentions of its drafters." *United States v. Ron Pair Enters., Inc.*, 489 U.S. 235, 242 (1989) (alteration in original), quoting *Griffin v. Oceanic Contractors, Inc.*, 458 U.S. 564, 571 (1982) (internal quotation marks omitted). Here, the statute does not directly address the question, but it

---

1  Section 4702(c) provides that the prohibition to disclosure in subsection (b) "does not apply to a proposal that is set forth or incorporated by reference in a contract entered into between the agency and the contractor that submitted the proposal." 41 U.S.C. § 4702(c). So the prohibition applies to the proposals of unsuccessful bidders, not to proposals of successful bidders that are incorporated into a contract with the agency.

7

does define "proposal" to mean "a proposal, including a technical, management, or cost proposal, *submitted by a contractor* in response to the requirements of a solicitation for a competitive proposal." 41 U.S.C. § 4702(a) (emphasis added). Defining the "proposal" as an item "submitted by" the contractor implicitly differentiates the document from the bidding party. The clause elaborating on the definition to explain that the term "proposal'" includes technical, management, or cost proposals and the fact that the clause is set off from "submitted by a contractor" with a comma, further suggests that the term refers to what is being submitted rather than who it is submitted by. In other words, the phrase "submitted by a contractor" is meant to modify the word "proposal."

This is consistent with the case cited by FMS, *Ctr. for Pub. Integrity v. Dep't of Energy*, 191 F. Supp. 2d 187 (D.D.C. 2002), which held that 41 U.S.C. § 4702(b) did not apply to sales contracts, but only to records of a procurement, because the term "proposal" in the statute was limited by the phrase "submitted by a contractor." *Id.* at 192. FMS attempts to read the case as standing for the proposition that any record related to a procurement must be covered by the provision, but the opinion does not go that far. The court did not purport to define the scope of the word "proposal," and it focused instead on the use of the word "contractor." *See id.* at 192–93.

The legislative history of section 4702 provides some assistance in resolving the dispute here. The House Report on the National Defense Authorization Act for Fiscal Year 1997, in which the provision was first introduced, states:

> This section would exempt contractor proposals provided to the federal government from release under the Freedom of Information Act . . . . The committee is aware that the current [FOIA] process imposes a significant administrative burden on federal agencies receiving requests for release of contractor proposals even though most if not all of the information is exempt under the FOIA process. This provision is intended to allow

8

> federal agencies to dispense with the lengthy line-by-line reviews which are presently required to arrive at the non-disclosure determination for this material.

Comm. on Nat'l Sec., National Defense Authorization Act for Fiscal Year 1997, H.R. Rep. No. 104-563, at 327 (1996). Thus, the provision was not intended to implement a broad legislative intent to keep any information associated with bid proposals secret; rather, the goal was simply to carve out the physical proposals themselves from the FOIA process given the likelihood that that they would be largely redacted in any event. *Id.*; *see also* 5 U.S.C. § 552(b)(4) (exempting "trade secrets and commercial or financial information obtained from person and privileged or confidential"). But here, the information sought is not material that would have been otherwise exempt, and the disclosure of just the names of unsuccessful bidders would not enable parties to gain access to proprietary cost or technical information.

FMS further argues it is not required to produce the unsuccessful bidders' names because it does not have that information in its control. Def.'s Reply and Mem. in Support of Mot. for Summ. J. and Opp. to Pl.'s Cross-Mot. for Summ. J. [Dkt. # 18] at 3. It is true that FOIA does not "impose[ ] [any] duty on the agency to create records," *ACLU v. DOJ*, 655 F.3d 1, 4 n.3 (D.C. Cir. 2011) (alteration in original), quoting *Forsham v. Harris*, 455 U.S. 169, 186 (1980) (internal quotation marks omitted), but only requires the disclosure of "agency records improperly withheld," 5 U.S.C. § 552(a)(4)(B). And it is also true that section 4702 bars the disclosure of contractor submissions in their entirety. But to the extent FMS is in possession of other documents containing the requested information – such as the redacted attachment to defendant's motion for summary judgment, *see* Award Decision Doc. – it is required to produce those responsive records in unredacted form.

9

## CONCLUSION

For the reasons set forth above, the Court will grant plaintiff Scott Hodes's cross-motion for summary judgment and deny defendant FMS's motion for summary judgment. A separate order will issue.

/s/ Amy B. Jackson

AMY BERMAN JACKSON
United States District Judge

DATE: September 25, 2013